## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALEX CICCOTELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STAMPS.COM INC., KEN MCBRIDE, | ) | |
| MOHAN P. ANANDA, DAVID C. | ) | |
| HABIGER, G. BRADFORD JONES, KATIE | ) | |
| MAY, and THEODORE R. SAMUELS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on July 9, 2021 (the "Proposed Transaction"), pursuant to which Stamps.com Inc. ("Stamps.com" or the "Company") will be acquired by affiliates of Thoma Bravo Fund XIV, L.P.

2.      On July 8, 2021, Stamp.com's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Stream Parent, LLC ("Parent") and Stream Merger Sub, Inc. ("Merger Sub"). Pursuant to the terms of the Merger Agreement, Stamp.com's stockholders will receive $330.00 in cash for each share of Stamp.com common stock they own.

3.      On August 19, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the

Proposed Transaction.

4.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Stamps.com common stock.

9.     Defendant Stamps.com is a Delaware corporation and a party to the Merger Agreement.  Stamps.com's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "STMP."

10.     Defendant Ken McBride is Chief Executive Officer and Chairman of the Board of the Company.

2

11.     Defendant Mohan P. Ananda is a director of the Company.

12.     Defendant David C. Habiger is a director of the Company.

13.     Defendant G. Bradford Jones is a director of the Company.

14.     Defendant Katie May is a director of the Company.

15.     Defendant Theodore R. Samuels is a director of the Company.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17.     Stamps.com is the leading provider of e-commerce shipping software solutions to customers including consumers, small businesses, e-commerce shippers, enterprises, and high volume shippers.

18.     On July 8, 2021, Stamp.com's Board caused the Company to enter into the Merger Agreement.

19.     Pursuant to the terms of the Merger Agreement, Stamp.com's stockholders will receive $330.00 in cash per share.

20.     According to the press release announcing the Proposed Transaction:

Stamps.com® (NASDAQ: STMP) (the "Company"), a leading provider of e-commerce shipping solutions, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, in an all-cash transaction that values Stamps.com at approximately $6.6 billion.

Under the terms of the agreement, Stamps.com stockholders will receive $330.00 per share in cash representing a premium of 67 percent over the Company's closing share price on July 8, 2021, the last full trading day prior to the transaction announcement. The premium is 71 percent over the Company's three-month volume-weighted average closing share price through July 8, 2021. Upon completion of the transaction, Stamps.com will become a private company with the flexibility and resources to continue to provide best-in-class global e-commerce

technology solutions. Additionally, Stamps.com will benefit from the operating capabilities, capital support and deep sector expertise of Thoma Bravo – one of the most experienced and successful software and technology investors in the world.
. . .

**Transaction Details**

Stamps.com's Board of Director's (the "Board") has unanimously approved the agreement with Thoma Bravo and recommends that Stamps.com stockholders vote in favor of the transaction at the Special Meeting of Stockholders to be called in connection with the transaction.

The agreement includes a 40-day "go-shop" period expiring August 18, 2021 which allows the Board and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties. The Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and Stamps.com does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or otherwise required.

The transaction is expected to close in the third quarter of 2021, subject to customary closing conditions, including approval by Stamps.com stockholders and receipt of regulatory approvals. Upon closing of the transaction, the Company's common stock will no longer be listed on any public market. The Company will continue to be headquartered in El Segundo, California.

**Advisors**

J.P. Morgan Securities LLC is acting as exclusive financial advisor to Stamps.com and Proskauer Rose LLP is acting as its legal counsel. Debt financing for the transaction is being provided by Blackstone Credit, credit funds managed by Ares Management Corporation, PSP Investments Credit II USA LLC and Thoma Bravo Credit. Kirkland & Ellis LLP is serving as legal advisor for Thoma Bravo.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

21.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed

Transaction.

22.    As set forth below, the Proxy Statement omits material information.

23.     First, the Proxy Statement omits material information regarding the Company's financial projections.

24.     With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

25.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

27.     With respect to J.P. Morgan's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; and (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates.

28.     With respect to J.P. Morgan's Analyst Price Targets for Stamps.com analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

29.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30.     Third, the Proxy Statement fails to disclose the timing and nature of the past and present services J.P. Morgan provided and is providing to Thoma Bravo and its affiliates.

31.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

32.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Stamps.com**

33.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Stamps.com is liable as the issuer of these statements.

35.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants**

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Stamps.com within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Stamps.com and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

45.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 27, 2021                                    **RIGRODSKY LAW, P.A.**

                                                By:   */s/ Gina M. Serra*
                                                      _____
                                                      Seth D. Rigrodsky
                                                      Timothy J. MacFall
                                                      Gina M. Serra
                                                      Vincent A. Licata
                                                      825 East Gate Boulevard, Suite 300
                                                      Garden City, NY 11530
                                                      Telephone: (516) 683-3516
                                                      Email: sdr@rl-legal.com
                                                      Email: tjm@rl-legal.com
                                                      Email: gms@rl-legal.com
                                                      Email: vl@rl-legal.com

                                                      *Attorneys for Plaintiff*